EXHIBIT A

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| JLENIA COSTI, as Administrator of the Estate of MICHELE CAVALLOTTI,<br><br>    Plaintiff,<br><br>vs.<br><br>ALASKA AIR GROUP, INC., a Foreign Corporation; ALASKA AIRLINES, INC., a Foreign Corporation; HORIZON AIR INDUSTRIES, INC., a Foreign Corporation; and, ASCEND PILOT ACADEMY, an Oregon Partnership/Joint Venture/Association,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT (Wrongful Death/Personal Injury/Negligence/Employer Liability Law/ Oregon's Safe Employment Act)**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**CLAIM NOT SUBJECT TO MANDATORY ARBITRATION**<br><br>**Amount Prayed for $30,000,000.00**<br><br>ORS 21.160(1)(e) |

Plaintiff, Jlenia Costi, as beneficiary and Administrator of the Estate of Michele Cavallotti (the "Estate") alleges as follows:

**PARTIES**

1.

Plaintiff, Jlenia Costi has been appointed the administrator of the Estate for the purpose of pursuing this action in Yamhill County Circuit Court, Case No. 25PB08672. Michele Cavallotti was an Oregon resident on October 3, 2023. Plaintiff Jlenia Costi brings this action on behalf of

PAGE 1 – COMPLAINT

the Estate, on her own behalf as Michele Cavallotti's mother, and on behalf of Michele Cavallotti's family and all wrongful death and survival action beneficiaries.

2.

Defendant Alaska Air Group, Inc. ("AAG") is a foreign registered corporation incorporated in the State of Alaska, operating and transacting business in Oregon. Defendant AAG conducts regular, sustained business activities in Multnomah County, Oregon.

3.

Defendant Alaska Airlines, Inc. ("ALASKA") is a foreign registered corporation incorporated in the State of Alaska, registered and operating and transacting business in Oregon. Defendant ALASKA conducts regular, sustained business activities in Multnomah County.

4.

Defendant Horizon Air Industries, Inc. ("HORIZON") is a foreign registered corporation incorporated in the State of Washington, registered and operating and transacting business in Oregon. Defendant HORIZON conducts regular, sustained business activities in Multnomah County.

5.

Defendant Ascend Pilot Academy ("APA") is an active partnership and/or joint venture and/or unincorporated association and its principal place of business and operations is in Oregon. Based upon information and belief, the partners, joint ventures, and/or association members include defendants AAG, ALASKA, and HORIZON. It may also be the DBA of one or more of these defendants.

///

///

6.

Defendant APA is a partnership/joint-venture/association between defendants AAG, ALASKA, HORIZON, and Hillsboro Aero Academy, LLC, Michele Cavallotti's direct employer. Defendant APA recruits and trains future airline pilots for the benefit of defendants AAG, ALASKA and HORIZON. Defendant APA trains pilots who will be hired by defendants AAG, HORIZON and ALASKA. Defendant APA controls and directs, or has the right to control and direct, the training program for pilots at the Hillsboro Aero Academy, LLC, including Hillsboro Aero Academy, LLC employee and former student, Michele Cavallotti.

## FACTUAL BACKGROUND

7.

At all times mentioned, the named defendants were engaged in a common enterprise with Hillsboro Aero Academy, LLC, Michele Cavallotti's direct employer, and the defendants retained the right to control the manner and operation of work performed by Michele Cavallotti.

8.

At all times mentioned, the work in which Michele Cavallotti was engaged at the time of his death, specifically operating a multi-engine Piper PA-44-180 Seminole and supervising or performing a maneuver known as a single-engine minimum controllable airspeed (VMC) maneuver, involved risk and danger and the defendants knew, or should have known, of the risk and danger.

9.

In October 2023, Barrett Bevacqua, age 20, was working on obtaining his FAA multi-engine aircraft rating as part of the APA Pilot Program. His multi-engine flight instructor was Michele Cavallotti, age 22, an employee of Hillsboro Aero Academy, LLC and former student and

graduate of the APA Pilot Program. At the time, Michele Cavallotti was acting as a new flight instructor and employee of Hillsboro Aero Academy, LLC where he trained Ascend Pilot Program cadets, including Mr. Bevacqua. Michele Cavallotti was acting in the scope of his employment and agency of Hillsboro Aero Academy, LLC when he was instructing Mr. Bevacqua. Mr. Cavallotti was a graduate of the Ascend Pilot Program.

10.

As of October 2023, Mr. Cavallotti had logged an estimated total of 198 hours of flight time across all aircrafts, which was only one more hour than Mr. Bevacqua, a cadet who logged 197 estimated hours as of October 2023.

11.

On October 3, 2023, the two participated in a multi-engine instruction flight in a Piper PA-44-180 Seminole, N8360K, which is a four-person light twin-engine aircraft. Another student pilot, Emily Hurd, joined them as an observer passenger, sitting the back seat behind the two pilots.

12.

Mr. Bevacqua was a student pilot who was learning to fly twin-engine aircraft in order to later test and receive his multi-engine rating. Mr. Cavallotti, was certified for multi-engine flight instruction, despite his limited logged hours. Mr. Cavallotti had been trained through defendant APA's training program.

13.

At approximately 6:18 pm, the aircraft took off from Runway 31L at Hillsboro Airport. At approximately 6:46 pm, while performing a maneuver known as a single-engine minimum controllable airspeed (VMC) maneuver, the aircraft abruptly stalled and entered a steep nose-down spin.

///

14.

The N8360K dropped from a height of 5,100 feet above the ground. For nearly 40 seconds, Mr. Cavallotti tried to recover from the stall and spin but, due to his inexperience and inadequate training, he could not. During this time, Mr. Cavallotti knew that they were going to crash and die as the aircraft was falling out of the sky at a vertical speed rate of 8062 feet per minute.

15.

The N8360K never recovered from the stall and spin and crashed nose-down. The crash killed Mr. Cavallotti and Mr. Bevacqua, both of whom suffered catastrophic blunt force trauma. Passenger Emily Hurd survived but with serious injuries.

16.

Immediately before the spin, Mr. Bevacqua was performing a maneuver called a single-engine minimum controllable airspeed (VMC) maneuver. Adequate safe airspeed must be maintained during the VMC maneuver or a stall and spin will likely occur. Performing the VMC maneuver under these conditions involves risk and danger.

17.

Mr. Bevacqua failed to maintain control of the aircraft during the VMC maneuver. Mr. Cavallotti attempted to regain control from Mr. Bevacqua in order to regain control of the aircraft. However, due to Mr. Cavallotti's inexperience and inadequate training by defendants, Mr. Cavallotti was unable to regain control, and the aircraft entered a stall, resulting in a spin, causing the aircraft to fall from a height of 5,000 feet and crash onto the house below.

18.

VMC maneuvers during flight instruction involve risk and danger and must be carefully planned, instructed and performed. Due to Mr. Cavallotti's inexperience and inadequate training,

he was unable to adequately instruct Mr. Bevacqua in his performance of the VMC maneuver such that the aircraft slowed down below the minimum safe airspeed, resulting in the stall, spin, and crash.

**FIRST CLAIM FOR RELIEF – ALL DEFENDANTS**

**(Negligence)**

19.

Plaintiff realleges paragraphs 1 – 18

20.

Defendants owed a duty to Mr. Cavallotti to exercise reasonable care to ensure for the health, welfare, and safety of students and instructors, including to exercise reasonable and utmost care in training and certifying instructors to be flight instructors and pilots in command for instructional flights. This duty of care also included properly training Mr. Cavallotti for operating aircraft such as a four-person light twin-engine aircraft in a safe and reasonable manner and in full compliance with the aircraft operating manual and federal aviation regulations.

21.

At all times material, defendants were negligent in one or more of the following particulars:

    a. In failing to properly instruct in the safe supervision and operation of VMC maneuvers;

    b. In failing to properly train in the safe supervision and operation of VMC maneuvers;

    c. In failing to properly oversee the training, supervision and operation of VMC maneuvers in a four-person light twin-engine aircraft;

    d. In failing to provide adequate training and safety procedures regarding proper and safe operation of a four-person light twin-engine aircraft during VMC maneuvers;

    e. In failing to provide, implement, and enforce safe flight training, procedures, practices, protocols, and policies;

    f. In failing to adequately train, supervise, monitor, evaluate, and/or oversee instructors and students;

    g. In failing to ensure proper training and/or briefing on the VMC maneuver;

    h. In negligently permitting their instructors and students to perform VMC maneuvers in a four-person twin-engine aircraft when defendants knew, or should have known, it was unsafe and they were unfit to do so; and/or,

    i. In negligently permitting and certifying Mr. Cavallotti to be a flight instructor and pilot in command for instructional flights for VMC maneuvers in a four-person light twin-engine aircraft despite his lack of experience and inadequate training.

22.

Defendants' negligence, including its violations of the above duties of care, and each of them, were a direct and proximate cause of the underlying crash and Mr. Cavallotti's death. As a result of Mr. Cavallotti's death, Michele Cavallotti 's parents have been deprived of his society, companionship and services and the Estate has suffered damage in the amount of $30,000,000, as specifically alleged below.

**SECOND CLAIM FOR RELIEF – ALL DEFENDANTS**
**(Employer Liability Law)**

23.

Plaintiff realleges paragraphs 1 - 22.

24.

Oregon's "Employer Liability Law" (ORS 654.305) provides that "All owners, contractors or subcontractors and other persons having charge of, or responsibility for, any work involving a

risk or danger to the employees or the public shall use every device, care and precaution that is practicable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of the structure, machine or other apparatus or device, and without regard to the additional cost of suitable material or safety appliance and devices."

25.

Defendants were all owners, or otherwise had charge of or were responsible for work involving a risk or danger to employees or the public, within the meaning of ORS 654.305, and said defendants were therefore required to provide plaintiff protection, training, and warnings for preforming inherently dangerous VMC maneuvers at a height.

26.

Plaintiff is an employee or member of the "public" within the meaning of ORS 654.305.

27.

Defendants had control over the work that it required plaintiff to do because:

a. Defendants were engaged in a "common enterprise" involving training, certification, and supervision of flight instructors, including instruction and operation of four-person light twin-engine aircraft at a height;

b. Defendants retained the right to control the manner or method in which the training, certification, and supervision of flight instructors was to be administered; and,

c. Defendants actually controlled the manner or method in which the training, certification, and supervision of flight instructors was to be administered;

d. Defendants failed to use every devise, care, and precaution which was practicable for the protection and safety of employee instructors, including Mr. Cavallotti, for

performing flight instruction and acting as pilot in command for VMC maneuvers in a four-person light twin-engine aircraft.

28.

At all material times, the defendants failed to use every device, care and precaution which was practicable for the protection and safety of employees, students and instructors, including Cavallotti, without regard to cost, as outlined above.

29.

The defendants' violations of the Employer Liability Law and the above duties of care, and each of them, were a substantial factor in causing the underlying crash and Mr. Cavallotti's death. As a result of Mr. Cavallotti's death, Michele Cavallotti's parents have been deprived of his society, companionship and services and the Estate has suffered damages in the amount of $30,000,000, as specifically alleged below.

**THIRD CLAIM FOR RELIEF – ALL DEFENDANTS**
**(Oregon's Safe Employment Act)**

30.

Plaintiffs reallege paragraphs 1 through 29.

31.

At all material times, the defendants failed to furnish and use such devices and safeguards and to adopt and use such practices, means, methods, operations and processes which were reasonably necessary to make Michele Cavallotti 's place of employment safe and to do everything necessary to protect their life, safety and health, as outlined above.

///

///

///

32.

As a result of the actions and inactions of the defendants, and each of them, as alleged above, Michele Cavallotti suffered blunt force trauma resulting in his death. Cavallotti's parents have been deprived of his society, companionship and services.

33.

The defendants' violations of Oregon's Safe Employment Act and the above duties of care, and each of them, were a substantial factor in causing the underlying crash and Mr. Cavallotti's death. As a result of Mr. Cavallotti's death, Michele Cavallotti's parents have been deprived of his society, companionship and services and the Estate has suffered damage in the amount of $30,000,000, as specifically alleged below.

**DAMAGES**

34.

Defendants' violations of Oregon's Employers Liability Law, Oregon's Safe Employment Act, and/or defendants' negligence as described above, and each of them, caused the death of Michele Cavallotti and the damages claimed in this pleading.

35.

As a direct result of defendants' violations of Oregon's Employers Liability Law, Oregon's Safe Employment Act and/or negligence and fault as described above, The Estate of Michele Cavallotti requests the following damages, including, but not limited to, damages pursuant to Oregon's wrongful death statute, as follows:

   a. Just, fair and reasonable compensation for the decedent's disability, pain and suffering, prior to his death in the amount of $500,000;

b. Just, fair and reasonable compensation for pecuniary loss to the decedent's estate in the amount the jury determines to be reasonable but not to exceed $4,500,000; and

c. Just fair and reasonable compensation to the decedent's estate for loss of the society, companionship and services of the decedent in the amount the jury determines to be reasonable but not to exceed $25,000,000.

36.

Plaintiff reserves the right to move the Court for leave to amend its Complaint to add claims for punitive damages against defendants.

## PRAYER

**WHEREFORE**, Plaintiff prays for judgment against defendants, and each of them, in a reasonable amount to be determined by a jury at trial but not expected to exceed $4,500,000 in economic damages and $25,500,000 non-economic damages.

DATED this 3rd day of October 2025.

        **BROWNSTEIN RASK, LLP**

        /s/ Matthew Sweeney
        MATTHEW M SWEENEY, OSB #095245
        BOB L. O'HALLORAN, JR., OSB #134437
        EMILIA H. SAPORITI, OSB #252729
        Of Attorneys for Plaintiff
        matthewsweeney@brownsteinrask.com
        rohalloran@brownsteinrask.com
        esaporiti@brownsteinrask.com

25CV54465

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

JLENIA COSTI, as Administrator of the Estate of MICHELE CAVALLOTTI,

    Plaintiff,

vs.

ALASKA AIR GROUP, INC., a Foreign Corporation; ALASKA AIRLINES, INC., a Foreign Corporation; HORIZON AIR INDUSTRIES, INC., a Foreign Corporation; and, ASCEND PILOT ACADEMY, an Oregon Partnership/Joint Venture/Association,

    Defendant.

Case No. **25CV54465**

CERTIFICATE OF SERVICE

STATE OF OREGON
County of Marion    ss.

I, Julie J. Field, hereby certify that I am a competent person 18 years of age or older, a resident of the State of Oregon and that I am not a party to nor an attorney for any party in the within named action; that I made service of a true copy of:

*SUMMONS; COMPLAINT; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ALASKA AIRLINES, INC.*

CORPORATE SERVICE - Pursuant to ORCP 7D(3):

Upon **ALASKA AIRLINES, INC**, by personal service upon Christina Hammock, the clerk on duty in the office of the registered agent, Corporation Service Company, 1127 Broadway St. NE, Suite 310, Salem, OR 97301 on November 05, 2025 at 11:32 AM.

I declare under the penalty of perjury that the above statement is true and correct.

Dated this 7th day of November, 2025.

X_____
Julie J. Field
Nationwide Process Service, Inc.
315 W Mill Plain Blvd, Ste. 206
Vancouver, WA 98660
503-241-0636

*373319*

10/26/2025 2:10 PM
25CV54465

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

JLENIA COSTI, as Administrator of the Estate of MICHELE CAVALLOTTI,

    Plaintiff,

vs.

ALASKA AIR GROUP, INC., a Foreign Corporation;
ALASKA AIRLINES, INC., a Foreign Corporation;
HORIZON AIR INDUSTRIES, INC., a Foreign Corporation;
and, ASCEND PILOT ACADEMY, an Oregon Partnership/Joint Venture/Association,

    Defendant.

Case No. **25CV54465**

CERTIFICATE OF SERVICE

STATE OF OREGON
County of Marion     ss.

I, Julie J. Field, hereby certify that I am a competent person 18 years of age or older, a resident of the State of Oregon and that I am not a party to nor an attorney for any party in the within named action; that I made service of a true copy of:

*SUMMONS; COMPLAINT; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ASCEND PILOT ACADEMY*

CORPORATE SERVICE - Pursuant to ORCP 7D(3):

Upon **ASCEND PILOT ACADEMY, a dba of Alaska Airlines, Inc**, by personal service upon Christina Hammock, the clerk on duty in the office of the registered agent, Corporation Service Company, 1127 Broadway St., NE, Suite 310, Salem, OR 97301 on November 05, 2025 at 11:32 AM.

I declare under the penalty of perjury that the above statement is true and correct.

Dated this **7th** day of **November**, 20**25**.

X _Julie J. Field_
Julie J. Field
Nationwide Process Service, Inc.
315 W Mill Plain Blvd, Ste. 206
Vancouver, WA 98660
503-241-0636

*373321*

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

JLENIA COSTI, as Administrator of the Estate of MICHELE CAVALLOTTI,

    Plaintiff,

vs.

ALASKA AIR GROUP, INC., a Foreign Corporation; ALASKA AIRLINES, INC., a Foreign Corporation; HORIZON AIR INDUSTRIES, INC., a Foreign Corporation; and, ASCEND PILOT ACADEMY, an Oregon Partnership/Joint Venture/Association,

    Defendant.

Case No. **25CV54465**

CERTIFICATE OF SERVICE

STATE OF OREGON
County of Marion    ss.

I, Julie J. Field, hereby certify that I am a competent person 18 years of age or older, a resident of the State of Oregon and that I am not a party to nor an attorney for any party in the within named action; that I made service of a true copy of:

*SUMMONS; COMPLAINT; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT HORIZON AIR INDUSTRIES, INC.*

CORPORATE SERVICE - Pursuant to ORCP 7D(3):

Upon **HORIZON AIR INDUSTRIES, INC**, by personal service upon Christina Hammock, the clerk on duty in the office of the registered agent, Corporation Service Company, 1127 Broadway St. NE, Suite 310, Salem, OR 97301 on November 05, 2025 at 11:32 AM.

I declare under the penalty of perjury that the above statement is true and correct.

Dated this 7th day of November, 2025.

X Julie J. Field
Julie J. Field
Nationwide Process Service, Inc.
315 W Mill Plain Blvd, Ste. 206
Vancouver, WA 98660
503-241-0636

*373322*

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

JLENIA COSTI, as Administrator of the Estate of MICHELE CAVALLOTTI,

    Plaintiff,

vs.

ALASKA AIR GROUP, INC., a Foreign Corporation;
ALASKA AIRLINES, INC., a Foreign Corporation;
HORIZON AIR INDUSTRIES, INC., a Foreign Corporation;
and, ASCEND PILOT ACADEMY, an Oregon Partnership/Joint Venture/Association,

    Defendant.

Case No. **25CV54465**

CERTIFICATE OF SERVICE

STATE OF WASHINGTON
County of Thurston    ss.

I, Carolyn Heater, hereby certify that I am a competent person 18 years of age or older, a resident of the State of Washington and that I am not a party to nor an attorney for any party in the within named action; that I made service of a true copy of:

*SUMMONS; COMPLAINT; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ALASKA AIR GROUP, INC.*

CORPORATE SERVICE - Pursuant to ORCP 7D(3):

Upon **ALASKA AIR GROUP, INC**, by personally serving the aforementioned documents to Ellen Jones, who is a Clerk on Duty in the office of the Registered Agent, Corporation Service Co. at 300 Deschutes Way SW, Suite 208, Tumwater, WA 98501 on December 01, 2025 at 12:38 PM.

I declare under the penalty of perjury that the above statement is true and correct.

Dated this 1st day of December, 2025.

Carolyn Heater
Nationwide Process Service, Inc.
315 W Mill Plain Blvd, Ste. 206
Vancouver, WA 98660
503-241-0636

*373320*